I agree that the petition to implement automatic forfeiture of judicial office should be granted. I cannot join in the reasoning offered by Judge Johnson, however, because I do not believe that this Court should continue to apply the Braig line of cases which analyze petitions for automatic forfeiture based on the elements of the common law crime of misbehavior in office. Rather, I believe that the 1993 constitutional amendment must be construed as reflecting the state of the law at the time of its adoption, at which time the legislature must have been aware that the common law crime of misbehavior in office had been abolished.
By continuing the use of the term after the abolishment of the common law crime, I believe that the intended meaning of the term "misbehavior in office" is to include a class of crimes rather than a specific crime in the same manner in which the term "infamous" has been interpreted under Article VII, Section 6 of the Pennsylvania Constitution. Infamous crimes are those ". . . which involve the charge of falsehood, and affect the public administration of justice." In re Greenberg, 442 Pa. 411, 417,280 A.2d 370, 372 (1971) (quoting Commonwealth v. Shaver, 3 Watts Serg. 338, 342 (1842)); Braig v. State Employes' Retirement Board,138 Pa. Cmwlth. 124, 587 A.2d 371, 376 (1991), petition for allowance ofappeal denied, 530 Pa. 649, 607 A.2d 258 (1992).
Viewing the term "misbehavior in office" in that light, I would conclude that any conviction of a judicial officer which corrupts or abuses the judicial office constitutes misbehavior in office as a matter of law, and is grounds for automatic forfeiture pursuant to Article V, Section 18(d)(3).
 OPINION IN SUPPORT OF DISMISSAL OF PETITION FOR AUTOMATIC FORFEITURE.